# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 11-140V
**Filed: June 15, 2015**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | UNPUBLISHED |
| SHERRY SALMINS, | * | |
| | * | |
| | * | Special Master Dorsey |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | Decision on Damages; |
| SECRETARY OF HEALTH | * | HPV vaccine; |
| AND HUMAN SERVICES, | * | Guillain-Barré Syndrome. |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * | | |

Meredith Daniels and Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.

Jennifer L. Reynaud, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON DAMAGES[1]

On March 7, 2011, Sherry Salmins ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2006).  Petitioner alleged that as a result of receiving a Human Papillomavirus ("HPV") vaccine on January 27, 2009, she developed Guillain-Barré Syndrome.  Amended Petition at Preamble.  Further, petitioner alleged that she experienced residual effects of her injury for more than six months. Id. at ¶ 38.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On August 31, 2011, respondent filed a Rule 4(c) Report ["Respondent's Report"] arguing against compensation for petitioner under the terms of the Vaccine Act. Resp't Report at 1. The parties filed respective expert reports and an entitlement hearing was held before the undersigned on August 21, 2013. A Ruling on Entitlement, finding that petitioner is entitled to compensation based on an injury caused-in-fact by a covered vaccine, was issued on March 31, 2014. On April 3, 2014, a damages order was issued.

On June 11, 2015, respondent filed a Proffer on an award of compensation, indicating that petitioner has agreed to compensation in the amount of $1,405,466.39 lump sum, to be paid to petitioner only, for life care expenses expected to be incurred during the first year after judgment, lost earnings, pain and suffering, and past unreimburseable expenses. Petitioner has also agreed to receive an amount sufficient to purchase an annuity contract described in section II(B) of the Proffer, attached hereto as Appendix A. On June 15, 2015, petitioner's counsel was contacted by the undersigned's chambers, and counsel confirmed petitioner's agreement with the proposed compensation amounts. **Accordingly, pursuant to the terms in the attached Proffer, the undersigned awards petitioner the following compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a):**

1. **A lump sum payment of $1,405,466.39 in the form of a check payable to petitioner, Sherry Salmins; and**

2. **An amount sufficient to purchase an annuity contract to provide the benefits described in section II, paragraph B of the Proffer, to be paid to a life insurance company meeting the criteria described in footnote 4.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

**s/ Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

SHERRY SALMINS,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 11-140V
Special Master Dorsey
ECF

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

I.      **Items of Compensation**

    A.    Life Care Items

The parties engaged life care planner Laura Fox, MSN, RN, CLCP, and petitioner engaged Maureen Clancy, RN, BSN, CLCP, to provide an estimation of Sherry Salmins's future vaccine-injury related needs.  For the purposes of this proffer, the term "vaccine related" is as described in the Special Master's Ruling on Entitlement filed March 31, 2014.  All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Sherry Salmins, attached hereto as Tab A.[1]  Respondent proffers that Sherry Salmins should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.  Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

B.     Lost Earnings

The parties agree that based upon the evidence of record, Sherry Salmins has suffered a
past loss of earnings and will continue to suffer a loss of earnings in the future.  Therefore,
respondent proffers that Sherry Salmins should be awarded lost earnings as provided under the
Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Respondent proffers that the appropriate award for
Sherry Salmins's lost earnings is $1,198,320.52.  Petitioner agrees.

C.     Pain and Suffering

Respondent proffers that Sherry Salmins should be awarded $180,000.00 in actual and
projected pain and suffering.  This amount reflects that any award for projected pain and
suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner
agrees.

D.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents Sherry Salmins's expenditure of past
unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that
petitioner should be awarded past unreimbursable expenses in the amount of $5,047.17.
Petitioner agrees.

E.     Medicaid Lien

Petitioner represents that there are no Medicaid liens outstanding against her.

**II.     Form of the Award**

The parties recommend that the compensation provided to Sherry Salmins should be
made through a combination of lump sum payments and future annuity payments as described

below, and request that the Special Master's decision and the Court's judgment award the following:[2]

A.  A lump sum payment of $1,405,466.39, representing compensation for life care expenses expected to be incurred during the first year after judgment ($22,098.70), lost earnings ($1,198,320.52), pain and suffering ($180,000.00), and past unreimbursable expenses ($5,047.17), in the form of a check payable to petitioner, Sherry Salmins.

B.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Sherry Salmins, only so long as Sherry Salmins is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in

---

[2]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

      a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

      b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

      c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

      d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1.     Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

2.     Life-contingent annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Sherry Salmins, is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Sherry Salmins's death.

3.     Guardianship

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.     Summary of Recommended Payments Following Judgment**

A.     Lump Sum paid to petitioner, Sherry Salmins:          **$1,405,466.39**
B.     An amount sufficient to purchase the annuity contract described
         above in section II. B.

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program (con't) System of Records, No. 09-15-0056.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division

s/ Jennifer L. Reynaud
JENNIFER L. REYNAUD
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202) 305-1586

Dated: June 11, 2015.

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Years 3-4 | Compensation Year 5 | Compensation Years 6-10 | Compensation Year 11 | Compensation Years 12-19 | Compensation Year 20 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2015 | 2016 | 2017-2018 | 2019 | 2020-2024 | 2025 | 2026-2033 | 2034 |
| Medicare Part B Premium | 5% | | M | 1,258.80 | 1,258.80 | 1,258.80 | 1,258.80 | 1,258.80 | 1,258.80 | 1,258.80 | 1,258.80 |
| Medicare Supplemental Ins | 5% | | M | | | | | | | | |
| Neurologist | 5% | * | | | | | | | | | |
| Pain Specialist | 5% | * | | | | | | | | | |
| EMG | 5% | * | | | | | | | | | |
| PT | 4% | | | | | | | | | | |
| OT | 4% | | | | | | | | | | |
| Massage Therapy | 4% | | | 750.00 | 750.00 | 750.00 | 750.00 | | | | |
| Nutritionist | 4% | * | | | | | | | | | |
| Grab Bars | 4% | | | 50.00 | | | | | | | 50.00 |
| Cane | 4% | | | | | | | | | | |
| Scooter | 4% | * | | | | | | | | | |
| Scooter Battery | 4% | * | | | | | | | | | |
| Scooter Battery Charger | 4% | * | | | | | | | | | |
| YMCA | 4% | | | 740.00 | 740.00 | 740.00 | 740.00 | 740.00 | 740.00 | 740.00 | 740.00 |
| Assistance in Home | 4% | | M | 17,500.00 | 17,500.00 | 17,500.00 | 17,500.00 | 17,500.00 | 17,500.00 | 17,500.00 | 17,500.00 |
| Mileage: Neurologist | 4% | | | 10.44 | 10.44 | 10.44 | 10.44 | 10.44 | 10.44 | 10.44 | 10.44 |
| Mileage: EMG | 4% | | | | | | 10.44 | | | | |
| Mileage: Nutritionist | 4% | | | 18.03 | 9.02 | | | | | | |
| Mileage: Massage | 4% | | | 22.90 | 22.90 | 22.90 | 22.90 | | | | |
| Mileage: YMCA | 4% | | | 106.08 | 106.08 | 106.08 | 106.08 | 106.08 | 106.08 | 106.08 | 106.08 |
| Sun Truck Mobility | 4% | | | 4.35 | 4.35 | 4.35 | 4.35 | 4.35 | 4.35 | 4.35 | 4.35 |
| Driver's Eval | 0% | | | 394.00 | | | | | | | |
| Hand Controls | 4% | | | 1,200.00 | | | | | 1,200.00 | | |
| Hand Controls Maint | 4% | | | 44.10 | 44.10 | 44.10 | 44.10 | 44.10 | 44.10 | 44.10 | 44.10 |
| Lost Future Earnings | | | | 1,198,320.52 | | | | | | | |
| Pain and Suffering | | | | 180,000.00 | | | | | | | |
| Past Unreimbursable Expenses | | | | 5,047.17 | | | | | | | |
| Annual Totals | | | | 1,405,466.39 | 20,445.69 | 20,436.67 | 20,447.11 | 19,663.77 | 20,863.77 | 19,663.77 | 19,713.77 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($22,098.70), lost earnings ($1,198,320.52), pain and suffering ($180,000.00), and past unreimbursable expenses ($5,047.17): $1,405,466.39.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 21 2035 | Compensation Years 22-23 2036-2037 | Compensation Year 24 2038 | Compensation Years 25-31 2039-2045 | Compensation Year 32 2046 | Compensation Years 33-38 2047-2052 | Compensation Years 39-40 2053-2054 | Compensation Years 41-Life 2055-Life |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Medicare Part B Premium | 5% | | M | 1,258.80 | 1,258.80 | 1,258.80 | 1,258.80 | 1,258.80 | | | |
| Medicare Supplemental Ins | 5% | | M | | | | | | 2,630.40 | 2,630.40 | 2,630.40 |
| Neurologist | 5% | * | | | | | | | | | |
| Pain Specialist | 5% | * | | | | | | | | | |
| EMG | 5% | * | | | | | | | | | |
| PT | 4% | | | | | | | | | 270.00 | 270.00 |
| OT | 4% | | | | | | | | | 180.00 | 180.00 |
| Massage Therapy | 4% | | | | | | | | | | |
| Nutritionist | 4% | * | | | | | | | | | |
| Grab Bars | 4% | | | | | | | | | | |
| Cane | 4% | | | | | 19.00 | 2.71 | 2.71 | 2.71 | 2.71 | 2.71 |
| Scooter | 4% | * | | | | | | | | | |
| Scooter Battery | 4% | * | | | | | | | | | |
| Scooter Battery Charger | 4% | * | | | | | | | | | |
| YMCA | 4% | | | 740.00 | 740.00 | 740.00 | 740.00 | 740.00 | | | |
| Assistance in Home | 4% | | M | 17,500.00 | 17,500.00 | 17,500.00 | 17,500.00 | 17,500.00 | 17,500.00 | 17,500.00 | 17,500.00 |
| Mileage: Neurologist | 4% | | | 10.44 | 10.44 | 10.44 | 10.44 | 10.44 | 10.44 | 10.44 | 10.44 |
| Mileage: EMG | 4% | | | | | | | | | | |
| Mileage: Nutritionist | 4% | | | | | | | | | | |
| Mileage: Massage | 4% | | | | | | | | | | |
| Mileage: YMCA | 4% | | | 106.08 | 106.08 | 106.08 | 106.08 | 106.08 | | | |
| Sun Truck Mobility | 4% | | | 4.35 | 4.35 | 4.35 | 4.35 | 4.35 | 4.35 | 4.35 | |
| Driver's Eval | 0% | | | | | | | | | | |
| Hand Controls | 4% | | | 1,200.00 | | | | | | | |
| Hand Controls Maint | 4% | | | 44.10 | 44.10 | 44.10 | 44.10 | | | | |
| Lost Future Earnings | | | | | | | | | | | |
| Pain and Suffering | | | | | | | | | | | |
| Past Unreimbursable Expenses | | | | | | | | | | | |
| Annual Totals | | | | 20,863.77 | 19,663.77 | 19,682.77 | 19,666.48 | 19,622.38 | 20,147.90 | 20,597.90 | 20,593.55 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($22,098.70), lost earnings ($1,198,320.52), pain and suffering ($180,000.00), and past unreimbursable expenses ($5,047.17): $1,405,466.39.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.